# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| KENDALL COOPER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | )  No. 04 C 8164 |
| v. | ) |
|  | )  Judge Joan Humphrey Lefkow |
| RUTH ROTHSTEIN, JOHN RABA, | ) |
| JOHN DOE, and COOK COUNTY, | ) |
| ILLINOIS, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kendall Cooper ("Cooper") brought this action claiming violation of his Eighth and Fourteenth Amendment rights due to a failure to provide medical treatment and an alleged deliberate indifference to his medical needs. Defendants, Ruth Rothstein, John Raba, John Doe, and Cook County (collectively, "defendants"), have moved for summary judgment on the basis that Cooper failed to exhaust his administrative remedies before filing this lawsuit [#36]. For the following reasons, their motion is denied.

Construed in the light most favorable to Cooper, as they must be on this motion for summary judgment, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986), the facts are as follows. The Cook County Department of Corrections ("CCDOC") has a detainee grievance procedure in place: General Order 14.5. This Order provides, among other things, that "[u]pon arrival to the CCDOC, each detainee shall receive a written copy of the grievance procedure..." and that "[i]n all cases, a copy of the grievance procedure will be posted on all living units, in prominent locations in each division." Defendants' Local Rule 56.1 Statement of Material Facts ("Defendants' Statement"), Ex. 2, at 5.

It says that grievances should be resolved by prison officials within 30 days and that, if they cannot be, the inmate will be notified. Defendants' Statement, Ex. 2, at 3. Regarding appeals, it says, "If a detainee wishes to appeal the grievance decision, the detainee will have five (5) working days from receipt of the decision, to appeal to the Administrator of Program Services or designee." Defendants' Statement, Ex. 2, at 3. Finally, the Order requires that all original grievances must be kept on file for five years. Defendants' Statement, Ex. 2, at 4.

Cooper was generally aware that the CCDOC had grievance procedures in place. Defendants' Statement, at ¶ 10. He said in his deposition, however, that he did not go through any orientation when he arrived, does not recall being advised of his rights and responsibilities as an inmate, has never seen General Order 14.5, and was not aware of the specific procedures contained within it. Defendants' Statement, Ex. 3, at 14-18, 20, 26-28. He learned about his rights through other inmates. Defendants' Statement, Ex. 3, at 18-19, 21-23.

Cooper claims that he filed a grievance regarding the defendants' failure to provide him with proper medical treatment but that he never received a response. Defendants' Statement, at ¶ 11, Defendants' Statement, Ex. 3, at 32, 38-39. He complained to a sergeant that he had not received a response to his grievance, but he did not reduce that complaint to writing. Defendants' Statement, at ¶ 18. Cooper told the sheriff that he had seen prison officials tearing up what looked like grievances. Plaintiff's Response to Defendants' Statement, at ¶ 18.

Defendants base their motion for summary judgment on Cooper's failure to file an appeal of his grievance. Defendants' Mem., at 4. Additionally, a search by the Cook County Sheriff did not find any grievances filed by Cooper. Defendants' Statement, at ¶ 19. In response, Cooper argues that he did file grievances but was not aware that he had the right to file an appeal. Defendants' Statement, at ¶ 16. Cooper said in his deposition, "When I put the grievances in and they never answered them and ... I went through everything I could do ... to get

the Cook County or whoever's supposed to get those grievances.  And I went to the white shirt and I felt that ... everything I could do was done."  Defendants' Statement, Ex. 4, at 47-48.

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq*. ("the PLRA"), makes it mandatory for prisoners confined in any jail, prison, or other correctional facility to exhaust all available administrative remedies before filing a lawsuit regarding the conditions of his or her confinement under 42 U.S.C. § 1983 or any other federal law.  42 U.S.C. § 1997e(a); *Woodford* v. *Ngo*, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006).  In *Woodford*, the Supreme Court held that the PLRA requires "proper" exhaustion.  126 S. Ct. at 2386-87.  A prisoner must pursue all available administrative remedies and comply with the prison's procedural rules and deadlines so that the prison can evaluate his grievance on the merits.  *Id.; Pozo* v. *McCaughtry*, 282 F.3d 1022, 1025 (7th Cir. 2005).  If he fails to do so, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Id*.  Courts must therefore look to the reason why administrative processes are unavailable.  Failure to exhaust is an affirmative defense under the PLRA; inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  *Jones* v. *Bock*, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007).  As such, the burden of proving it is on the prison officials.  *Kaba* v. *Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Neither the PLRA nor *Woodford* defines "availability" for purposes of the exhaustion requirement, which is material because the PLRA only requires exhaustion of such remedies that are "available."  In that absence, courts have applied the ordinary meaning of the term.  *Kaba*, 458 F.3d at 684.  The parties in this case dispute whether a lack of awareness of administrative

remedies can render them "unavailable."[1]  Irrespective of that question, however, there is a question of fact in this case regarding whether Cooper filed a grievance to which prison officials failed to respond.  The Seventh Circuit has repeatedly held that an administrative remedy becomes "unavailable" for purposes of the exhaustion requirement if prison officials do not respond to a properly filed grievance or if they otherwise use affirmative misconduct to thwart a prisoner's attempts to exhaust.  *Kaba*, 438 F.3d at 809 (citing *Dole* v. *Chandler*, 438 F.3d 804,

---

[1] Defendants argue that *Woodford* set forth a bright line test for determining whether or not inmates have properly exhausted their administrative remedies under the PLRA, in that a prisoner *must* exhaust all administrative remedies that are available to him before proceeding with a federal complaint.  Defendants' Mem., at 5.  On this basis, their argument continues, Cooper's complaint must be dismissed since he did not appeal his grievance.  This is not a sound deduction, however, because the Court in *Woodford* did not have occasion to consider whether an inmate's subjective beliefs could affect what remedies are "available" for PLRA purposes.

Defendants' argument does find some support in a general statement made by the Supreme Court.  In *Booth* v. *Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001), the Court said "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  This comment was made in a footnote, however, and the context of the case was the question of whether a prisoner must exhaust even if he seeks relief that the administrative process cannot provide, which is not on point here.  More specifically, defendants are supported by *Chelette* v. *Harris*, 229 F.3d 684, 688 (8th Cir. 2000), which said that "Section 1997e(a) says nothing about a prisoner's subjective beliefs" and held that an inmate's lack of awareness of administrative remedies did not excuse his failure to pursue them.  Finally, three other circuit opinions (including one from the Seventh Circuit), all cited in a non-precedential disposition, have held that notice of availability of administrative remedies is irrelevant.  *Twitty* v. *McCoskey*, 2007 WL 737330, *2 (7th Cir. March 8, 2007); *Brock* v. *Kenton Cty*, 93 Fed. Appx. 793, 2004 WL 603929, *3-*4 (6th Cir. March 23, 2004) (relying on *Brown* v. *Toombs*, 139 F.3d 1102 (6th Cir. 1998), which was reversed by *Jones* v. *Bock*); *Gonzalez-Liranza* v. *Naranjo*, 76 Fed. Appx. 270, 2003 WL 22255886, *3 (10th Cir. Oct. 2, 2003).

On the other hand, in several Seventh Circuit cases, the court has implied that the mental state of an inmate can in some cases be relevant to the determination of what administrative remedies are "available" under the PLRA.  For example, in the recent case of *Kaba* v. *Stepp*, 458 F.3d 678, 686 (7th Cir. 2006) (issued after *Woodford*) the court found that an inmate's claims that he felt too intimidated by guards' threats of retaliation to file a grievance were relevant to the determination of whether his administrative remedies were "available."  In *Dole* v. *Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (issued before *Woodford*), the court considered whether the possibility that prison officials might exercise discretion to review an untimely appeal of a grievance to which the prisoner had received no response made that remedy "available."  Answering no to that question, the court said "Although it is possible that our holding would be different if the [prison] had given Dole instructions on how to proceed and Dole had ignored or improperly followed those instructions, that is not the situation here."  *Id*.

Cooper cites cases from this district in support of his position that his lack of awareness did make administrative remedies unavailable.  In *Russell* v. *Unknown Cook County Sheriff's Officers*, 2004 WL 2997503, at *3 (N.D. Ill. Dec. 27, 2004) (citing *Hall* v. *Sheahan*, 2001 WL 111019 (N.D. Ill. Feb. 2, 2001) and *Arreola* v. *Choudry,* 2004 WL 868374 (N.D. Ill. April 22, 2004)), Judge Aspen agreed with Judge Moran's finding that "[a]n institution cannot keep inmates in ignorance of its grievance procedure and then fault them for not using it.  A grievance procedure that is not made known to inmates is not an 'available' administrative remedy."  Because there were questions of fact regarding whether the inmate reasonably should have been expected to be aware of the grievance procedures, the court ruled that the prison officials' motion to dismiss on failure to exhaust grounds had to be denied.  *Id.*, at *4.  It noted that this was consistent with the policies behind the PLRA, because the officials could have supported their affirmative defense with proof that they had provided the inmate with unambiguous information about the availability of procedures, such as providing him with a handbook.  *Id*.  Because this case can be resolved on independent grounds, this court declines to rest its holding on Cooper's lack of awareness of a right to appeal.

809 (7th Cir. 2006) (in turn citing *Lewis* v. *Washington*, 300 F.3d 829, 833 (7th Cir. 2002) ("we refuse to interpret the PLRA 'so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.'"); *Dale* v. *Lappin*, 376 F.3d 652, 656 (7th Cir. 2004))).  Furthermore, this case is on point with *Brengettcy* v. *Horton*, 423 F.3d 674, 682 (7th Cir. 2005), in which the court considered a situation in which an inmate at CCDOC had filed several grievances and received no response.  Considering the same (or at least, a substantially similar) grievance policy at issue in this case, the court said that "the policy does not instruct a prisoner on what he is to do when the CCDOC fails to respond to his grievance and there is no decision to appeal."  *Id.*  Therefore, the defendants in that case were not entitled to judgment on the basis of a failure to exhaust.  *Id.*

Because there are disputed issues of material fact in this case, defendants' motion for summary judgment [# 36] must be denied.  This case will be called for status on May 31, 2007, at 9:30 A.M.

Dated: May 17, 2007                        ENTER: _____
                                                     JOAN HUMPHREY LEFKOW
                                                      United States District Judge